# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE STACKHOUSE,** : | **CIVIL ACTION NO. 1:01-CV-2223** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **PENNSYLVANIA STATE POLICE** : | |
| **and COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 1st day of September, 2005, upon consideration of defendants' motion in limine (Doc. 127) to exclude at trial evidence of a discrimination charge filed with the Equal Employment Opportunity Commission ("EEOC") by one Major Kathryn Doutt, a former employee of defendant Pennsylvania State Police, and it appearing that the charge was never litigated but voluntarily withdrawn (Doc. 46, Ex. 6 at 13, 19-25), see Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344-45 (3d Cir. 2002) (noting limited use of EEOC determination and committing admission of same to discretion of trial court); Failla v. City of Passaic, 146 F.3d 149, 150 (3d Cir. 1998) (same); Walton v. Eaton Corp., 563 F.2d 66, 75 (3d Cir. 1977) (same), that the charge was filed almost ten years before the events giving rise to this case, see Jewett v. Int'l Tel. & Telegraph Corp., 653 F.2d 89, 91-92 (3d Cir. 1981) (stating that plaintiff must show more than isolated or sporadic acts of discrimination to demonstrate continuing violation); Croker v. Boeing Co., 662 F.2d 975, 990 (3d Cir. 1981) (stating that when alleged violation does not occur

within actionable period it is "an unfortunate event in history" but not relevant to instant dispute); <u>Fornicoia v. Haemonetics Corp.</u>, 131 Fed. Appx. 867, 872 (3d Cir. 2005) (holding that evidence of unrelated discrimination complaint filed two years after alleged discriminatory act was too attenuated and unfairly prejudicial), and that the charge was not filed by plaintiff and involved parties not involved in the decisions at issue in this case, <u>see</u> <u>Pivirotto v. Innovative Sys., Inc.</u>, 191 F.3d 344, 359 (3d Cir. 1999) (stating that events involving parties unrelated to the alleged act of discrimination "are rarely given great weight, particularly if they were made temporally remote from the date of the decision"), and the court finding that any probative value of the charge is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, <u>see</u> FED. R. EVID. 403; <u>see also</u> <u>id.</u> 404(b); <u>Robert S. v. Stetson Sch., Inc.</u>, 256 F.3d 159, 170-71 (3d Cir. 2001) (stating that danger of unfair prejudice exists when jury may infer defendants acted in conformity with prior bad acts occurring remotely in time and not involving defendants), it is hereby ORDERED that the motion in limine (Doc. 127) is GRANTED.  Plaintiff shall not be permitted to introduce at trial evidence related to the discrimination charge filed by former Major Kathryn Doutt.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge