IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE STACKHOUSE,** | : | **CIVIL ACTION NO. 1:01-CV-2223** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE** | : | |
| **and COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is plaintiff's motion in limine to preclude the introduction of evidence related to a disciplinary investigation at trial. For the reasons that follow, the motion will be granted in part and denied in part.

This case involves claims by Diane Stackhouse ("Stackhouse") brought against defendants Pennsylvania State Police ("PSP") and the Commonwealth of Pennsylvania pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. (See Doc. 1). Stackhouse, a female Pennsylvania State Police trooper, contends that PSP's discretionary process of promotion from the rank of lieutenant to captain has a disparate impact on women, and that she was the victim of disparate treatment. (Doc. 1 ¶¶ 17, 20; Doc. 60).

In July 2003, during the pendency of this case, the State Police Disciplinary Board issued a report accusing Stackhouse of improperly attending and influencing a preliminary hearing in violation of various field regulations. (Doc. 90 at 28). Stackhouse was terminated from PSP, and she subsequently filed a

grievance pursuant to the applicable collective bargaining agreement. (Doc. 83, Ex. 3 ¶ 19; Doc. 83, Ex. 3 at exs. 7,8). The arbitrator found that there was "substantial evidence that [Stackhouse] engaged in inappropriate, unprofessional conduct in violation of numerous Field Regulations," but that suspension without pay was warranted rather than termination. She was ultimately reinstated to her former position without backpay. (Doc. 83, Exs. 3, 10 at 22, 30).

Stackhouse subsequently filed an amended pleading in this case, arguing that PSP's investigation and her discharge were acts of retaliation. By order of court dated November 15, 2004, summary judgment was entered against plaintiff and for defendants on this retaliation claim. (See Doc. 98)

The instant motion requests that defendants be precluded from introducing evidence of the disciplinary investigation and action at trial. Stackhouse contends that, because judgment was entered in favor of defendants on the retaliation claim, evidence of the disciplinary proceedings is irrelevant and, in any event, unfairly prejudicial to her case.

"Relevant evidence" is evidence that has "any tendency to make the existence of any fact that is of consequence . . . more or less probable." FED. R. EVID. 401; United States v. Trala, 386 F.3d 536, 545 (3d Cir. 2004). While relevant evidence is generally admissible, it may be excluded where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; United States

v. Rutland, 372 F.3d 543, 546 (3d Cir. 2004).

In a discrimination case, evidence of subsequently discovered employee misconduct is not relevant to a determination of employer liability.  See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 359-60 (1995).  However, such evidence *is* relevant for a determination of any damages.  When an employer demonstrates that later-discovered misconduct would have resulted in the same adverse employment action, the employee may not seek reinstatement or front-pay damages.  See id. at 362.  Instead, the employee is limited to back-pay damages for the period of time between the adverse action and the employer's discovery of the misconduct.  See id.; Mardell v. Harleysville Life Ins. Co., 65 F.3d 1072, 1073-74 (3d Cir. 1995); see also Lapham v. Vanguard Cellular Systems, Inc., 102 F. Supp. 2d 266, 269 (M.D. Pa. 2000) ("[A]n employer's liability for damages arising from discriminatory conduct ends when the employer has a valid reason for [the] employment decision."); Wright v. Montgomery County, No. 96-4597, 2002 WL 265031, at *4 (E.D. Pa. Feb. 25, 2002); Adelman v. GMAC Mortgage Corp., No. 97-691, 1998 WL 51131 (E.D. Pa. Feb. 5, 1998);

In the matter *sub judice*, defendants argue that the violations of field regulations that lead to Stackhouse's suspension in 2003 were of sufficient magnitude that she would not have been promoted to the rank of captain at that time.  This assertion misapprehends the relevant issue.  Stackhouse contends that she should have been promoted to captain before the alleged misconduct occurred.  The issue is thus not whether Stackhouse would have been entitled to promotion

3

at the time of the misconduct, but whether Stackhouse, having already attained the rank of captain, would have been entitled to continue to hold the rank of captain in the wake of the violations.  Hence, evidence of the regulations that Stackhouse violated and her resulting suspension is only relevant if defendants intend to show that she would have been demoted or terminated from the rank of captain.[1]  In the event such evidence is proffered, the probative value of the disciplinary record would likely outweigh the potential for prejudice, confusion of the issues, and the like.  See FED. R. EVID. 403.  However, the court will have to address the issue in context and after defendants' timely proffer.  Accordingly, a ruling on plaintiff's motion is deferred until the time of trial.  If the evidence is admitted, the court will consider an appropriate limiting instruction and will seek input regarding the same from plaintiff's counsel.

The court would be remiss if it did not observe that the introduction at trial of the specific facts underlying the violations might prove cumbersome and distracting, and their probative value could prove to be outweighed by a danger of confusing the issues and misleading the jury.  See FED. R. EVID. 403.  Accordingly, the court will also require defendants to make offers of proof at trial for the admission into evidence of any facts underlying the violations and subsequent

---

[1]  Defendants also contend that evidence of the disciplinary proceeding is admissible under Rule 609, which allows for evidence of prior criminal convictions. See FED. R. EVID. 609.  The disciplinary action at issue was civil in nature, rather than criminal, and hence does not fall within the ambit of this rule.  See United States v. Benson, 487 F.2d 978, 982 (3d Cir. 1973).

4

suspension. The court will, either *sua sponte* or upon request of counsel, offer a limiting instruction to the jury regarding the use of any factual evidence admitted.[2] See United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996).

An appropriate order will issue.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Date: September 1, 2005

---

[2] Evidence of the disciplinary investigation may also be admissible under Rule 608. This rule allows for the cross-examination of witnesses regarding specific instances of conduct that are probative of truthfulness. See FED. R. EVID. 608. In this case, the conduct called into question by the State Police Disciplinary Board is arguably probative of Stackhouse's truthfulness. However, a court's admission of evidence under Rule 608 is discretionary and, see Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 146 n.2 (3d Cir. 2002), as always, is tempered where the probative value of the evidence is "substantially outweighed" by a danger of prejudice, misleading the jury, or confusing the issues. FED. R. EVID. 403.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE STACKHOUSE,** | : | **CIVIL ACTION NO. 1:01-CV-2223** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PENNSYLVANIA STATE POLICE and COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 1st day of September, 2005, upon consideration of plaintiff's motion in limine (Doc. 124), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. A ruling on the motion in limine (Doc. 124) is DEFERRED until trial.

2. Defendants shall not be permitted to introduce at trial evidence of plaintiff's violations of the field regulations or her subsequent suspension pending disposition of the motion in limine (Doc. 124).

3. Defendants shall make offers of proof at trial for any evidence related to plaintiff's violations of field regulations or her subsequent suspension. Upon admitting any such evidence the court shall, either *sua sponte* or at the request of plaintiff's counsel, provide limiting instructions to the jury.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge