**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIANE STACKHOUSE,** | : | **CIVIL ACTION NO. 1:01-CV-2223** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE** | : | |
| **and COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court are defendants' motions in limine to preclude the introduction of expert testimony at trial. For the reasons that follow, the motions will be denied.

This case involves claims by Diane Stackhouse ("Stackhouse") against defendants Pennsylvania State Police ("PSP") and the Commonwealth of Pennsylvania pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. (See Doc. 1). Stackhouse, a female Pennsylvania State Police trooper, contends that PSP's process of promotion from the rank of lieutenant to captain has a disparate impact on women, and that she was the victim of disparate treatment. (Doc. 1 ¶¶ 17, 20; Doc. 60).

The PSP promotion process from the rank of lieutenant to captain generally consists of written examinations followed by a discretionary selection process. (Doc. 33 ¶ 3; Doc. 42 ¶ 3; Doc. 66 ¶ 3). Based on the results of the examinations, names of candidates are placed on a list as either "eligible" or "immediately

eligible" for promotion.  (Doc. 33 ¶ 6).  Promotions are then made from the lists at the discretion of the Commissioner of the State Police ("Commissioner").  (Doc. 33 ¶ 10).

Stackhouse proffers the testimony of Dr. Daniel J. Menniti ("Menniti") to demonstrate that the manner in which PSP utilizes the results of the written examinations makes the testing virtually meaningless, thereby rendering the promotion process entirely discretionary.   Stackhouse proffers the testimony of Dr. C. Nielsen Brasher ("Brasher") to demonstrate that, overall, the promotion process has a disparate impact on women.  The instant motions seek to preclude the testimony of Drs. Mennitti and Brasher because, according to defendants, their testimony is "not helpful or reliable . . . or relevant to the issues of this case."  (See Docs. 137, 138).

Federal Rule of Evidence 702 allows for the introduction of testimony of a "scientific, technical, or other specialized" nature.  FED. R. EVID. 702.  However, an individual testifying in this "expert" capacity must have sufficient qualifications in the form of knowledge, skills, or training, and the proffered testimony must be sufficiently reliable and to assist the trier of fact.  See FED. R. EVID. 702; see also In re Unisys Savings Plan Litig., 173 F.3d 145, 155 (3d Cir. 1999).

In the instant case, Dr. Menniti holds a Ph.D. in educational psychology and is a licensed psychologist and attorney. (Doc. 137, Attach. 3; Doc. 137, Attach. 2 at 4-5). Dr. Menniti's doctoral dissertation was on statistics and testing, and he has taught statistics, testing measurements, and evaluation at the university level.

(Doc. 137, Attach. 2 at 5, 8, 9).  His proffered area of expertise is in the measurement and evaluation of psychological, achievement, vocational, and aptitude testing. (Doc. 137, Attach. 2 at 5).  Specifically, he evaluates testing procedures and whether they are reliable and an accurate measure of that which they purport to test.  (Doc. 137, Attach. 2 at 11).

Dr. Menniti examined PSP's use of the results from the promotion examinations.  (Doc. 137, Attach. 2 at 26).  His testimony is offered to show that, even if the tests are objective measuring devices of a candidate's qualifications, the manner in which defendants use the test results renders the promotions process devoid of objectivity and couched solely on the Commissioner's discretion.  (Doc. 137, Attach. 1 at 3).  In arriving at this opinion, Dr. Menniti used his own education and experience, as well as several publications authored by experts in his field. (Doc. 137, Attach. 1 at 4; Doc. 137, Attach. 2 at 12-16).

Dr. Brasher earned his Ph.D. in political science, and studied in the secondary fields of methodology, quantitative methods, and public finance.  (Doc. 46, Ex. 12).  Dr. Brasher is an associate professor at a local university, and has taught undergraduate- and graduate-level courses in research methods and in quantitative applications, including statistical analysis.  (Doc. 46, Ex. 12; Doc. 46, Ex. 13 at 14-16).  His proffered area of expertise is quantitative methods of statistical analysis.  (Doc. 46, Ex. 13 at 19).

Dr. Brasher performed statistical analyses of PSP promotion rates from the ranks of lieutenant to captain.  (Doc. 46, Ex. 13 at 21).  He found statistically

significant disparities between the promotion rates of women and men, and his testimony is being offered to show that PSP's promotion process has a disparate impact on women.  (See Doc. 46, Ex. 12, Ex. B, C).

The court finds Drs. Menniti and Brasher sufficiently qualified to testify as experts at trial, and the testimony proffered sufficiently reliable.[1]  Further, their testimony is complementary and likely to assist the trier of fact in this case.  Dr. Brasher's testimony will aid the jury in determining whether the promotion process results in a disparate impact on women, and Dr. Menniti's testimony will help the jury to determine whether the written examination serves as a procedural safeguard to prevent discriminatory decisionmaking, or whether the process is wholly subjective.  See Frink v. United States Navy, 16 FEP 67, 70-71 (E.D. Pa. 1977) (finding that use of subjective criteria is not invalid where numerous safeguards designed to prevent discrimination), aff'd, 609 F.2d 501 (3d Cir. 1979); Lewis v. N.L.R.B., 750 F.2d 1266 (5th Cir. 1985) (stating that written guidelines and training supervisors in evaluation process acted as safeguards in subjective evaluation process).

Although defendants argue that Menniti is not qualified as an expert on "police personnel decisions" (Doc. 137 at 6), he is not being offered for that purpose.  Rather, he is being offered to demonstrate that the promotion process is not objective.  Similarly, while defendants argue that Dr. Brasher did not review

---

[1] Defendants eschewed the need for a hearing on the motions.  (Doc. 137 at 4; Doc. 139 at 6).

"other factors" considered by the Commissioner in the promotion process, his analysis does not appear to be so inherently unreliable or irrelevant so as to render the results inadmissible, see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 594 (1993), and defendants' concerns regarding the methodology and conclusions may be addressed through cross-examination, see In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744-45 (3d Cir. 1994).[2]

In sum, the court finds that Drs. Menniti and Brasher possess sufficient qualifications in the form of knowledge, skills, training, and education to qualify as expert witnesses. The testimony that they proffer appears sound, and will likely assist the trier of fact in this case. Accordingly, defendants' motions to preclude the testimony of Drs. Menitti and Brasher will be denied.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date: September 1, 2005

---

[2] Further, as noted by the court in its previous opinions, there is ample evidence of record upon which the trier of fact could conclude that the "other factors" were inconsistently employed, or even pretextual. (See Doc. 98 at 9-10; Doc. 117 at 7, n.4)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE STACKHOUSE,** | : CIVIL ACTION NO. 1:01-CV-2223 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PENNSYLVANIA STATE POLICE and COMMONWEALTH OF PENNSYLVANIA,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 1st day of September, 2005, upon consideration of defendants' motions in limine (Docs. 135, 138) to preclude at trial the testimony of Drs. Daniel J. Menniti and C. Nielsen Brasher, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motions (Doc.s 135, 138) are DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge