# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE STACKHOUSE,** | : CIVIL ACTION NO. 1:01-CV-2223 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PENNSYLVANIA STATE POLICE** and **COMMONWEALTH OF PENNSYLVANIA,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 2nd day of September, 2005, upon consideration of defendants' motion in limine (Doc. 140) to exclude at trial a report by Pennsylvania's Office of Inspector General detailing sexual harassment and sexual misconduct at the Pennsylvania State Police (see Doc. 88), and it appearing that evidence of past discriminatory conduct may be probative of discriminatory intent, see Glass v. Phila. Elec. Co., 34 F.3d 188, 194 (3d Cir. 1994); see also Hurley v. Atl. City Police Dep't., 174 F.3d 95, 111 (3d Cir. 1999) ("Evidence of sexually derogatory and sexist harassment makes disparate treatment claims more credible . . . since such discriminatory acts stem from similar motives."), but that the report does not pertain to the incidents or the decisionmaker at issue in this case, see Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 359 (3d Cir. 1999) (stating that events involving parties unrelated to the alleged act of discrimination "are rarely given great weight"); see also Kidd v. Commonwealth of Pennsylvania, No. 97-5577, 1999 WL 391496, *4 (E.D. Pa. May 20, 1999) (precluding at trial evidence of prior

discriminatory acts as "evidence of . . . unrelated incidents involving [unrelated] employees does not create a strong inference that other[s,] . . . on later dates, targeted plaintiff because she was a woman."), aff'd, 37 Fed. Appx. 588 (2002), and the court finding that the probative value of the report is substantially outweighed by the danger of unfair prejudice and misleading the jury,[1] see FED. R. EVID. 403; see also id. 404(b); Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 170-71 (3d Cir. 2001) (stating that danger of unfair prejudice exists when jury may infer defendants acted in conformity with prior bad acts not involving defendants), it is hereby ORDERED that the motion in limine (Doc. 140) is GRANTED.  Plaintiff shall be precluded from introducing at trial evidence of the report by Pennsylvania's Office of Inspector General detailing sexual harassment and sexual misconduct at the Pennsylvania State Police.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Importantly, the report does not address discrimination in the promotions process, or levy any allegations of misconduct against the Commissioner of the State Police—the individual whom plaintiff alleges is responsible for the purported discriminatory promotion process at issue in this case.  Rather, it examines Pennsylvania State Police policies, practices and procedures pertaining to sexual harassment and misconduct, and reviews and chronicles the misconduct of several former members of the State Police, and offers opinions for "changes and improvements [within the organization] to deter and prevent sexual harassment and sexual misconduct."  (Doc. 88 at i).  As plaintiff is not pursuing any claims of sexual harrassment, sexual misconduct, or a hostile work environment, the report has relatively little probative value.  However, given the official nature of the publication and its highly inflammatory content, it carries a great risk of a danger of unfair prejudice and misleading the jury.  See FED. R. EVID. 403.